UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,           )
                                    )
        Plaintiff,                  )
                                    )      Crim. No. 6:14-cr-00008-GFVT-CJS
V.                                  )
                                    )
                                    )      **MEMORANDUM OPINION**
DERRICK LAVON HERRING,              )      **&**
                                    )      **ORDER**
        Defendant.                  )
                                    )

*** *** *** ***

This matter is before the Court on Defendant Derrick Lavon Herring's *pro se* Motion for

Compassionate Release made pursuant to the First Step Act. [R. 180.] The United States

opposes the motion, arguing Mr. Herring has not established that a sentence reduction is

warranted. [R. 182.] For the reasons that follow, Mr. Herring's motion is **DENIED**.

**I**

On July 16, 2014, Mr. Herring was found guilty by a jury of one count of conspiracy to

distribute oxycodone. [R. 34.] On November 18, 2014, the Court sentenced Mr. Herring to 168

months imprisonment, followed by 4 years of supervised release. [R. 48.] As it stands, Mr.

Herring has served less than half of his 168-month sentence.

On July 16, 2020, Mr. Herring filed a motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), citing concerns with COVID-19 and his living conditions at FCI Loretto.[1] [R.

---

[1] The Court has previously noted that it is divested of jurisdiction while this case is on appeal. [*See* R.
176.] However, pursuant to Federal Rule of Criminal Procedure 37(a), the Court may consider the
present motion in a limited capacity: "If a timely motion is made for relief that the court lacks authority to
grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the
motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals
remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). [R.

180 at 1–2.]  In the alternative, Mr. Herring seeks relief pursuant to The Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act).  *Id.* at 1.  In support of his requests for relief, Mr. Herring represents that he has various health issues, including sleep apnea, TB,[2] obesity, and shortness of breath and that he desires to provide care to his children.  *Id.* at 2.  The United States opposes the motion, arguing it fails on substantive grounds.  [*See* R. 182 at 6.]

## II

As an initial matter, the Court notes the United States has concluded Mr. Herring has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), stating: "Because more than thirty days have lapsed since the Warden's receipt of Defendant's request, Defendant's motion is properly before this Court."  [R. 182 at 6.]  The Court questions this conclusion but is nonetheless bound by it for present purposes.  *See United States v. Haas*, No. 6:17-CR-00037-GFVT-HAI-1, 2020 WL 4593206, at *4 (E.D. Ky. Aug. 7, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).  Effectively, the United States has waived any argument that Mr. Herring has failed to exhaust his administrative remedies and so the Court will address the substance of Mr. Herring's motion.  *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *see also United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

## A

Section 3582 allows for modification of a term of imprisonment for "extraordinary or compelling reasons."  18 U.S.C. § 3582(c)(1)(A).  The statute also requires a court to consider whether such a reduction comports with the 18 U.S.C. § 3553(a) factors and any applicable

---

[2] As noted in the United States' response, it appears Mr. Herring claims he has tuberculosis.  [R. 182 at 7 n. 4.]  However, the United States represents that it has found no record of this condition and Mr. Herring has provided no documentation to support his claim.

2

statements issued by the Sentencing Commission. *Id.* The Sentencing Commission's applicable

statement requires a court to consider, in relevant part, whether "(1) extraordinary or compelling

reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the

safety of others or the community, and (3) release from custody complies with § 3553(a)

factors." *United States v. Lake*, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky.

Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). So, the Court may only reduce Mr. Herring's

sentence if these three factors are met. U.S.S.G. § 1B1.13.

The United States argues Mr. Herring's motion fails on the merits for two reasons: (1) he

has failed to establish "extraordinary and compelling reasons" that would warrant a reduction,

and (2) because a reduction would be inconsistent with the factors set forth in 18 U.S.C. §

3553(a). In a well-written reply, Mr. Herring disagrees with both assertions. [R. 183.] He

argues the conditions at FCI Loretto "expose him to a substantial risk of contracting COVID-19"

which will likely lead to a "dire outcome should he contract the virus." *Id.* at 8. He also argues

he is not a danger to the public if released on home confinement. *Id.* at 8–9.

**1**

The Court sympathizes with Mr. Herring's legitimate concerns. But he has failed to

demonstrate that these concerns constitute "extraordinary or compelling circumstances" that

warrant a sentence reduction. The Sentencing Commission has provided that "extraordinary and

compelling reasons exist under any of" the following circumstances:

(A) <u>Medical Condition of the Defendant</u>. —
   (i) The defendant is suffering from a terminal illness[.] A prognosis of life
   expectancy . . . is not required. Examples include metastatic solid-tumor
   cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and
   advanced dementia.
   (ii) The defendant is —
      (I)      suffering from a serious physical or medical condition,
      (II)     suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>The Age of the Defendant</u>. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
. . .
(D) <u>Other Reasons.</u> — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1.  Mr. Herring has not demonstrated that any of these circumstances exist in the present case.  Plainly, paragraphs B and D are not applicable—Mr. Herring is only thirty-four years old [*see* R. 180 at 2] and paragraph D provides for a determination from BOP, not the courts.  The Court will consider in turn whether Mr. Herring's medical conditions or family circumstances warrant release.

**a**

Mr. Herring has failed to establish that his current medical conditions, even in light of the COVID-19 pandemic, are serious enough to warrant release.  As noted, Mr. Herring asserts that he suffers from sleep apnea, TB, obesity, and shortness of breath.  [R. 180 at 1–2; *see also* R. 183 at 2–3.]  But as it concerns the most serious of these conditions, tuberculosis, Mr. Herring has failed to provide any documentation and the United States represents it has found no record that Mr. Herring has this condition.  [R. 182 at 7 n. 4.]  Indeed, Mr. Herring provides no documentation and little explanation as to the severity of any of his afflictions.

4

With no additional explanation as to the severity of these conditions, the Court finds that, while significant, Mr. Herring's conditions are less serious than those that courts have found constitute "serious medical conditions."  For example, in *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *1, *3 (E.D. Mich. May 7, 2020), a case that Mr. Herring relies on heavily, the Court granted compassionate release to a defendant that suffered from underlying health conditions that were significantly more extensive: "Type II diabetes, hypertensive heart disease, cardiac arrhythmia, obstructive sleep apnea, and asthma."

Relatedly, the Court acknowledges the potential for COVID-19 to spread in the prison system and its potential impact on inmates with underlying health conditions.  But while Mr. Herring represents that "there ha[ve] now been confirmed [COVID-19] cases at FCI Loretto," he provides no explanation of the amount of cases or any documentation to support this assertion. [*See* R. 183 at 7.]  Mr. Herring also complains of the living conditions at the prison, which he contends may allow for COVID-19 to spread quickly.  [R. 180 at 2.]  His description of the living conditions certainly indicates an unpleasant living situation but fails to clearly demonstrate that his health is at risk more so than any other inmate.  In fact, his complaints in large part focus on the inability of inmates to leave the unit or have visitors—measures that appear to address his concern with the spread of the virus.  *See id.* at 2 ("We were unable to go to Rec, law library or [have] any visits for months.").

### b

Mr. Herring also fails to show that his family circumstances constitute "extraordinary and compelling circumstances."  Here, as noted by the United States, Mr. Herring's assertions are either unsupported or contradictory.  First, Mr. Herring contends that release is warranted because his mother is the primary caregiver for his minor children and is dealing with significant health

problems.  [R. 183 at 3.]  But the record reflects that the children live with their mother and Mr. Herring fails to explain why she is incapable of providing care.  [*See* R. 182 at 9; R. 183 at 3.]  Further, Mr. Herring has not provided any documentation of his mother's medical conditions.

Next, the United States notes that, in seeking compassionate release from the Warden, Mr. Herring claimed he would have strong support from his family and girlfriend if released.  [*See* R. 182 at 3.]  Seemingly, this cuts against Mr. Herring's contention that he is the only capable caregiver to his children outside of his mother.  On this point, Mr. Herring argues simply that "[t]he family support that I speak of is on my father['s] side and they are not willing to assist my mother."  [R. 183 at 3.]  This explanation, without more, fails to establish that there are no other options within Mr. Herring's family to care for his children.  In sum, Mr. Herring's desire to care for his children is commendable but, without a better explanation as to why his assistance is necessary at this time, he has failed to establish that his family circumstances warrant release.

**c**

Because Mr. Herring has not established extraordinary and compelling circumstances warrant release consistent with the guidance provided in U.S. Sentencing Guidelines Manual § 1B1.13, his motion for compassionate release must be denied.  *See* 18 U.S.C. § 3582(c)(1)(A).  Notably, the Court will deny Mr. Herring's motion without prejudice to his ability to re-file with additional documentation in support his request.  Specifically, should Mr. Herring re-file, he must provide additional documentation that supports his contentions regarding his own health conditions and his mother's recent health problems.  Additionally, he must provide further information regarding his apparent need to provide care for his children, including: the current age of his children; their current living situation; and an explanation as to why other family members, the children's mother included, are not in a position to provide care.

**B**

Mr. Herring's alternative request for relief under the CARES Act also must be denied. The Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act) was signed into law on March 27, 2020. It contains a provision aimed at helping the BOP mitigate the spread of COVID-19 among federal inmates. Specifically, Section 12003(b)(2) provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2).  Attorney General William Barr made the requisite finding in a memorandum for the Director of Bureau of Prisons dated April 3, 2020. Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most affected by COVID-19, https://www.justice.gov/file/1266661/download (last visited May 1, 2020).

The CARES Act makes placement into home confinement a matter of BOP discretion. Nothing in either the CARES Act or 18 U.S.C. § 3642 vests the district courts with the authority to place inmates in home confinement.  Such placement decisions rest squarely within the discretion of the BOP.  *See United States v. McCann*, No. CR 5:13-52-KKC, 2020 WL 1901089, *3 (E.D. Ky. Apr. 17, 2020) (citing *United States v. Read-Forbes*, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020)).  The Court is without the authority to grant Mr. Herring relief under the CARES Act.

**III**

At this time, Mr. Herring has not established that extraordinary and compelling circumstances warrant his release and his motion must be denied.  If he chooses, Mr. Herring

may file a renewed motion for compassionate release, consistent with the guidance within this Order.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Derrick Lavon Herring's Motion for Compassionate Release **[R. 180]** is **DENIED WITHOUT PREJUDICE**.

This the 25th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge