UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Respondent, ) <br> ) <br> V. ) <br> ) <br> DERRICK LAVON HERRING, ) <br> ) <br> Defendant/Petitioner. ) | Crim. No. 6:14-cr-00008-GFVT-CJS <br> Civil No. 6:17-cv-00148-GFVT-CJS <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Derrick Herring's objections to a Recommended Disposition filed by United States Magistrate Judge Candace J. Smith. The Court will construe Mr. Herring's objections as timely and sufficiently specific to trigger *de novo* review by this Court. For the following reasons, Defendant's objections will be **OVERRULED**.

**I**

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the Record in this Order.

On February 27, 2014, Mr. Herring was indicted for conspiracy to distribute oxycodone. [R. 1.] Mr. Herring was found guilty following a two-day jury trial and sentenced to 168 months in prison, followed by 4 years of supervised release. [R. 168 at 1; R. 48.] The Sixth Circuit affirmed Mr. Herring's judgment and sentence on appeal. [R. 168 at 1; R. 79.] Hon. Paul Croley II represented Mr. Herring by CJA appointment from the arraignment through sentencing. [*See* R. 148 at 5.]

After an initial motion, Defendant Derrick Herring filed an amended *pro se* motion to

vacate his sentence pursuant to 28 U.S.C. § 2255, which Judge Smith reviewed and then prepared a Recommended Disposition. [R. 148; R. 168.] Defendants are allotted fourteen days from service to object to a Magistrate's Report and Recommendation and twenty-one days after filing, no objections had been filed. Thus, on May 11, 2020, this Court entered an Order adopting Judge Smith's recommendation. Three days later, on May 14, objections to the recommendation were filed in the record, dated May 11, 2020. [R. 172.] Mr. Herring then appealed the Order and Judgment of this Court adopting Magistrate Judge's Recommended Disposition, arguing that he filed timely objections to Judge Smith's recommendation which this Court failed to consider. [R. 174.] Specifically, he represents that he did not receive a copy of the recommendation until April 27, 2020, seven days after it was filed, and then filed his objections on May 8, 2020, within the fourteen days allotted. [*Id.* at 2.] Ultimately, as noted above, these objections were not filed in the record until May 14, 2020, three days after the Order entered adopting the Magistrate Judge's recommendation. Because Mr. Herring filed notice of an appeal, this Court ruled that it was divested of jurisdiction while the case was on appeal. [R. 176.] Subsequently, the Sixth Circuit found that Mr. Herring's appeal was intended as a motion for reconsideration of this Court's denial of his § 2255 motion without considering his objections and remanded the case back to this Court for consideration of his objections to the magistrate judge's report and recommendation. [R. 196.] The Court will now construe Mr. Herring's objections as timely and sufficiently specific to trigger *de novo* review by this Court.

## II

### A

In his motion, Mr. Herring raised twenty grounds for relief, including seventeen ineffective assistance of counsel claims, two due process claims, and one claim that his Fifth and

Sixth Amendment rights were violated by the prosecution's failure to disclose *Brady* evidence. [R. 168 at 2–3; R. 148 at 4–11.] After thoughtful consideration of Mr. Herring's arguments and the record, Judge Smith found that each of Mr. Herring's claims were without merit. [*See* R. 168.] As noted in this Court's previous Order, Judge Smith engaged in a thorough review of Mr. Herring's ineffective assistance of counsel claims and, properly applying *Strickland v. Washington*, 466 U.S. 668, 686 (1984), found that each of the claims fell short of warranting relief. [R. 168 at 4–40.] Next, Judge Smith engaged in a similarly thorough review of Mr. Herring's three non-ineffective assistance of counsel claims. *Id.* at 40–43. Judge Smith found that those claims were both procedurally and substantively deficient and, accordingly, Mr. Herring was not warranted relief. *Id.*

Judge Smith then denied Mr. Herring's request for an evidentiary hearing, finding that "there are no genuine issues of material fact in dispute." *Id.* at 43 (citing *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008)). Thus, he found the Record conclusively showed Mr. Holloway was not entitled to any relief under 28 U.S.C. § 2255." *Id.*; *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Additionally, Judge Smith recommended denial of a Certificate of Appealability, finding Mr. Herring's claims lacked legal merit, and thus, no reasonable jurist could find them debatable. *Id.*; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 335–58 (2003).

On initial review, even though Mr. Herring had yet to file objections at that time, this Court noted that it considered the record and agreed with Judge Smith's recommendation. After consideration of Mr. Herring's eleven objections that conclusion does not change.[1] In large part, Mr. Herring's objections simply restate the arguments made in his § 2255. In doing so, he fails

---

[1] Mr. Herring's numbering indicates twelve objections. [R. 172 at 9–10.] However, it appears there are only eleven separate objections as, in his numbering, Mr. Herring has skipped objection number eight. *Id.* at 8–9.

3

to explain how Judge Smith's analysis was deficient or incorrect. Judge Smith engaged in a thorough review of Mr. Herring's claims in reaching her conclusions and this Court will adopt the Report and Recommendation.

**1**

Mr. Herring's first objection relates to his claim that counsel was ineffective in relaying information regarding the plea offers from the United States. [R. 148-2 at 2; R. 168 at 6–11.] Here, Judge Smith noted that counsel did discuss the offers with Mr. Herring and, relatedly, "[i]t is not clear how counsel's advice could have changed the substance of any of the Government's offers . . .." [R. 168 at 9.] In fact, Mr. Herring notes in his objections that counsel did in fact relay the substance of the Government's offers. [R. 172 at 3 ("Our meetings basically went like this: 'The Government is offering you this much time at a 'CHS' VI[,] do you accept?'"). And, while Mr. Herring argues that Judge Smith overstated the amount of time counsel met with him regarding the offers, *see id.*, he offers no further argument as to how this alleged misstatement impacts the analysis. This objection must be overruled.

**2**

Four of Mr. Herring's grounds for habeas relief related to his trial counsel's alleged failure to investigate the evidence in the case, to call witnesses, and the properly examine witnesses. [*See* R. 168 at 13.] Mr. Herring advances one broad, all-encompassing objection as to Judge Smith's finding on these "trial strategy" claims. [R. 172 at 4.] Here, Judge Smith found that "[a]lthough Herring lists certain ways in which he believes counsel's investigation was deficient . . . Defendant has not provided sufficient factual support for the court to analyze these claims. *Id.* at 14. For example, "Defendant has not explained which phone records counsel should have examined, and what such records would have shown." *Id.* In response to this

finding, Mr. Herring now specifies that "[t]he phone records that counsel should have examined were my records and Jody Gibson's which would have showed Gibson lied about calling and talking to me." [R. 172 at 5.] First, this explanation was not before Judge Smith when considering the merits of Mr. Herring's § 2255 claim. As a general rule, it is improper to present an argument to the district court not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009); *see also Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n. 2 (6th Cir. 2010). Second, as stated above, even if this Court were to consider this recent explanation, Mr. Herring fails to point to any evidence in the record that supports his assertion or concerning counsel's decision not to introduce this evidence, if indeed that evidence did exist.

The remainder of Mr. Herring's arguments in support of his "trial strategy" objection similarly fail to explain how Judge Smith erred in her analysis and simply offer more allegations as to what the evidence was available if counsel only investigated or examined witnesses. As such, these arguments are unavailing for the same reasons as Mr. Herring's phone record objection. *Glidden Co.*, 386 F. App'x at 544. Judge Smith engaged in thoughtful analysis of each of the claims and applied the proper standards in reaching her well-reasoned conclusions. This objection must be overruled.

3

Two of Mr. Herring's objections, numbers one and three, have now been overruled leaving nine to be considered. At this juncture, the Court notes that five of Mr. Herring's objections clearly lack merit or any developed argumentation. [*See* R. 172 at 4, 6, 7, 9 (objections numbered two, six, nine, ten, and eleven). To the extent that Mr. Herring does offer argument in support of these objections, they largely amount to restatement of the same conclusory allegations already considered by Judge Smith. Take, for example, Mr. Herring's

objection relating to his argument that counsel was ineffective in not objecting to the jury instructions. [R. 172 at 9.] In his objection, it appears Mr. Herring takes issue with the different language included in the jury instructions versus the indictment. [*Id.*; *see also* R. 168 at 36–39.] Judge Smith already considered this argument and noted that the two documents contained largely the same language—both including the all-important "knowing and intentional" language. [R. 168 at 37.] Thus, Judge Smith found that "Herring's argument [was] directly refuted by the record . . .." *Id.* This objection must be overruled and, for similar reasons, so must the remaining four non-developed objections.

4

The Court turns next to Mr. Herring's fourth objection—related to the claim that his counsel failed to consult with Defendant regarding discovery or provide him with discovery documents. [R. 172 at 6.] In reviewing this claim, Judge Smith found that "Herring offers no support for these conclusory allegations regarding his counsel's performance" as it related to consulting with Mr. Herring. [R. 168 at 21.] Now, Mr. Herring objects to this finding and, apparently for the first time, explains that counsel was sending his discovery material to the wrong jail and that he only received discovery once he requested his case file after trial. Again, as a general rule, it is improper to present an argument to the district court not first presented to the magistrate judge. *Williams*, 557 F.3d at 1291; *see also Glidden Co.*, 386 F. App'x at 544 n. 2. Even if this Court were to consider this recent explanation, Mr. Herring fails entirely to explain how sending discovery materials to the wrong jail would have resulted in an alternative outcome at trial or in Mr. Herring accepting a plea deal. If, for example, Mr. Herring pointed to specific evidence that would have impacted his decision to accept a plea offer, this objection might carry more weight. Instead, Mr. Herring simply states that "[a]fter reviewing my [sic] I would've also

6

accepted a plea deal of the government[]." [R. 172 at 6.] Moreover, as noted by Judge Smith, Mr. Herring's counsel met with him on numerous occasions to discuss the Government's plea offers and, moreover, the record indicates that counsel prepared adequately for trial. [R. 168 at 21.] This objection must be overruled.

5

The Court next addresses Mr. Herring's fifth objection—that counsel failed to challenge and request dismissal of an allegedly flawed indictment and conspiracy charge. [R. 172 at 8.] In reviewing the claim, Judge Smith found that Herring's claim that the Indictment's failure to list the alias "George" fails for different reasons. Judge Smith logically construes Herring's argument as believing that the Indictment should have identified him in a manner consistent with how witnesses testified to knowing Mr. Herring—as "George." [R. 168 at 28; *see* R. 68 at 111.] Judge Smith found such an argument unpersuasive, however, pointing to the Sixth Circuit's disapproval of including aliases in indictments. [R. 168 at 28] (citing *United States v. Emuegbunam*, 268 F.3d 377, 394-95 (6th Cir. 2001)). Accordingly, and after review of the record, Mr. Herring's fifth objection must be overruled.

6

In his eleventh objection,[2] Mr. Herring claims that certain *Brady* materials were not sent to him until after his direct appeal, in violation of his Fifth and Sixth Amendment rights. [R. 172 at 10.] As Judge Smith found in her review, however, Mr. Herring's claims as to the *Brady* materials were conclusory and unsubstantiated. [R. 168 at 41–43.] Mr. Herring raises identical *Brady* evidence claims in his objection and he spends no additional time developing these claims. Further, this Court agrees with Judge Smith's finding that "in light of the wealth of

---

[2] Marked as (C), instead of as point (11) in his brief. [R. 172 at 10.]

7

evidence against Herring … the Court is not persuaded that absent the allegedly withheld evidence, Herring's verdict is not worthy of confidence. [R. 168 at 43.] On review of Judge Smith's findings and the record, this objection must also be overruled.

7

This brings the Court, finally, to Mr. Herring's fifth objection—related to the claim that counsel was ineffective in failing to contest forfeiture allegations. [R. 172 at 7.] Here, Mr. Herring's objection has some merit but ultimately falls short. He argues that at no point was he consulted regarding whether to submit the forfeiture findings to the jury and, once the decision was made not to, "was never informed of a forfeiture proceeding date, nor did [he] attend this proceeding." *Id.* In denying the related claim, Judge Smith found that there were numerous filings in the record which included the forfeiture allegations and, further, that Mr. Herring was in the courtroom when the decision was made by counsel to delay the forfeiture findings until after a jury verdict. [R. 168 at 23, 26–27.] Further, Judge Smith found that because the ultimate forfeiture was not excessive and there was a nexus between the conduct and the property forfeited, there is no basis for the argument that the forfeiture order would have been less severe if it were determined by the jury." *Id.* at 25–27.

Under the applicable standards, Judge Smith's analysis on these issues appears largely correct. The Court has concerns with counsel's apparent failure to consult closely with Mr. Herring on this matter. But, on review, there was strong evidence in favor of the forfeiture finding, specifically as it relates to the nexus between Mr. Herring's conduct and the amount forfeited. [R. 168 at 27.] Mr. Herring fails to provide a convincing argument that the outcome would have been any different if the jury decided the amount as opposed to the Court or if another strategy was pursued by counsel. Additionally, as noted above, Mr. Herring's arguments

concerning lack of notice of the forfeiture proceedings are refuted by the record itself and discussions at trial in Mr. Herring's presence. *See id.* at 23, 26–27. This objection must be overruled.

### III

The Court has once again reviewed the record following Mr. Herring filing his objections and once again ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court again declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Herring's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Objections [**R. 172**] to the Magistrate Judge's Report and Recommendation [**R. 168**] are **OVERRULED**;

2. This Court's previous Order and Judgment [**R. 170; R. 171**] adopting Magistrate Judge Candace J. Smith's Report and Recommendation [**R. 168**] as to Defendant Derrick Lavon Herring remain undisturbed, including the denial of the Certificate of Appealability on all issues raised by the Defendant.

This is the 21st day of May, 2021.

Gregory F. Van Tatenhove
United States District Judge